CITY OF DETROIT *v.* KRESGE FOUNDATION.

EMINENT DOMAIN—APPORTIONMENT OF DAMAGES BETWEEN LAND-
     LORD AND TENANT.

     Award apportioning damages between landlord and tenant by
        jury in condemnation proceedings is affirmed, on appeal by
        tenant, where record discloses no basis for its assumption that
        jury adopted its theory as to apportionment but erred in
        mathematical computations in attempting to apply it.

Appeal from Recorder's Court of Detroit; Kilpatrick (Arthur W.), J. Submitted June 7, 1933. (Docket No. 28, Calendar No. 37,229.) Decided August 29, 1933. Rehearing denied October 19, 1933.

Condemnation proceedings by City of Detroit, a municipal corporation, against Kresge Foundation, a Michigan corporation, lessee, and Earl D. Garrison, lessor. From judgment confirming apportionment of award between defendants and denying new-trial, defendant Kresge Foundation appeals. Affirmed.

*Goodenough, Voorhies, Long & Ryan,* for defendant Kresge Foundation.

*Dohany & Dohany,* for defendant Garrison.

McDONALD, C. J. This is an appeal from an apportionment of damages between landlord and tenant by a jury in a condemnation suit involving the taking of property for the widening of Woodward avenue in the city of Detroit. Defendant Earl

D. Garrison was owner of the fee, and the defendant Kresge Foundation Company was his tenant under a 99-year lease, which expires April 30, 2018. The jury awarded total damages of $53,728.53, of which it apportioned $46,564.73 to the tenant, and $7,163.80 to the landlord. Claiming that the apportionment was wrong as a matter of law, the Kresge Foundation filed a motion to amend the award. The motion was denied, the verdict confirmed, and judgment entered. The Kresge Company has appealed and asks to have the award amended by reducing the jury's allowance to Mr. Garrison from $7,163.80 to $349.22.

Different theories as to apportionment of damages between the landlord and tenant were submitted to the jury. It is not claimed that the jury adopted an erroneous theory, so we are not called upon to decide which theory is correct. The claim is they adopted the appealing defendant's theory, but, in attempting to apply it, erred in their mathematical computations and thereby reached a wrong result in awarding Mr. Garrison $7,163.80 instead of $349.22. The defendant's cause for appeal rests entirely on this alleged mistake of the jury, and its claim of mistake rests entirely on the assumption that the jury adopted its theory of apportioning the damages. The record discloses no basis for such an assumption. There were other theories submitted to the jury. A theory was presented on behalf of Mr. Garrison, but owing to an incomplete record we are not fully informed as to what that theory was. It was presented in a request to charge, but neither the request nor the charge as given is in the record. The jury may have adopted Garrison's theory. We do not know. We are compelled to dispose of this question from the record, and it dis-

closes nothing from which we can determine how the jury made the apportionment. In denying the motion to amend, the trial court said:

"You claim that the jury made a palpable error in computing that portion of the total award. As I said, in my opinion, the court could not determine what method of computation was adopted by the jury, and the different theories being submitted by the parties to the cause, you submitted your theory, and the other party submitted a theory, I consider that the court is without discretion.

"*Mr. Lee:* He assumes the jury determined it on his theory. Apparently the jury did not follow his theory.

"*The Court:* That is my view still, and I think I have expressed it in the opinion, that two theories were submitted, and while you claim that they did not compute it in a particular manner, it is not for the court to determine what method of computation the jury followed."

We think the court correctly disposed of the question. The judgment is affirmed, with costs to defendant Garrison.

CLARK, POTTER, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.